MAIR, MAIR, SPADE & THOMPSON
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089/90
Facsimile: (671) 477-5206

Attorneys for Defendants Mustafa Issa and
Marianas Hospitality Corporation.

**FILED**
DISTRICT COURT OF GUAM

MAR 20 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JACOB CRUZ, Pro Se, | CIVIL CASE NO. 06-00004 |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| MUSTAFA ISSA, General Manager and HYATT REGENCY GUAM HOTEL, | |
| Defendants. | |

### INTRODUCTION

This Memorandum supports the motion of Defendants Mustafa Issa and Marianas Hospitality Corporation, improperly sued by its "dba" name, "Hyatt Regency Guam Hotel" (hereinafter collectively referred to as "Defendants") to dismiss the Complaint filed by Jacob Cruz, *Pro Se*, on February 27, 2006.

//

//

**ORIGINAL**

# LEGAL DISCUSSION

I.

## PLAINTIFF HAS SUED A FICTITIOUS NAME NOT A CORPORATION

As a threshold matter, it must be observed that Plaintiff has erred by suing "Hyatt Regency Guam Hotel." In fact, there is no such legal entity.[1] Although this is a correctable misnomer defect, it nevertheless needs correcting. *See* Athmer v. CEI Equip. Co., 121 F.3d 294, 296 (7th Cir. 1997) ("Misnomer" denotes the case in which the plaintiff has the wrong name of the right party, which can be corrected at any time, provided that the plaintiff serves the defendant with reasonable promptness). A misnomer problem is properly raised by a motion to dismiss. Roberts v. Michaels, 219 F.3d 775, 778 (8th Cir. 2000); United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873-74 (4th Cir. 1947).

It would appear that Plaintiff intended to sue the company responsible for management of the Hyatt Regency Guam. Although Defendants cannot read the Plaintiff's mind, they suspect that he was attempting to sue the company that employs Ms. Manele Jayme, who according to the complaint made discriminatory statements to him. In the interests of candor and judicial economy, therefore, Marianas Hospitality Corporation responds to the Complaint with the instant motion to dismiss. To minimize confusion in the

---

[1] "Hyatt Regency Guam" is, however, a registered "dba" or fictitious name used by one of the companies that manages the hotel that is the subject of this lawsuit.

2

face of this pleading error, the management company will be referred to as "Hyatt" for the balance of this memorandum.

Unfortunately for Plaintiff, the misnomer problem is the least of the Complaint's many defects. As we shall see below, even if the Plaintiff had managed to sue the right party, he still has stated no claim.

## II.

**DEFENDANT MUSTAFA ISSA SHOULD BE DISMISSED FROM THIS ACTION AS THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST SAID DEFENDANT.**

It has been held that a Rule 12(b)(6) motion to dismiss is proper only when there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 908 F.2d 696, 699 (9th Cir. 1990). This is such a case. Although named as a party-defendant in the instant lawsuit, Mr. Mustafa Issa, General Manager of Hyatt Regency Guam, is otherwise absent from the allegations of the Complaint. In fact, Mr. Issa's name appears only twice in the entirety of the Compliant: Once in the caption; and again in Paragraph 7 of the Compliant, in which there is nothing alleged except hearsay speculation about what Mr. Issa might say or do in response to a hypothetical situation.[2]

---

[2] "And even if I had went [sic] to see the General Manager Mr. Issa he would Tell You the Same." Complaint at ¶ 7.

3

The *pro se* Plaintiff in this case apparently labors under the erroneous impression that it is necessary to name the general manager of the hotel in order to state an effective cause of action against the hotel. That is the only rational explanation for the Complaint insofar as it relates to Mr. Issa. Of course, it is completely unnecessary to engage in such a pleading exercise. Further, there is no principled allegation that Mr. Issa should be held liable by imputation for any of the acts or omissions alleged in the Complaint. Accordingly, as there is neither any direct or indirect allegation in the Complaint as to Mr. Issa, it is clear beyond peradventure that Mr. Issa should be dismissed as a defendant from this case.

### III.

**PLAINTIFF HAS ALSO FAILED TO STATE A CLAIM AGAINST HYATT HOTEL**

Plaintiff's Complaint contains outrageous allegations of racial prejudice and prejudice against people with disabilities as allegedly expressed by a particular Hyatt employee. Hyatt formally and categorically denies that any such inappropriate and prejudicial statements were made by anyone affiliated with the Hyatt. However, Hyatt recognizes that it is premature to resolve factual issues in the course of a motion to dismiss pursuant to Rule 12. Fortunately, it is unnecessary to even address factual issues here because, as a matter of pleading, it is apparent that the Plaintiff failed to make a case against Hyatt.

Plaintiff makes the broad and unsubstantiated allegation that he "was discriminated against on the basis of his national origin, and his disability status."[3] However,

---

[3] Complaint at ¶ 6.

4

the only substantiation for this allegation in the Complaint is patently insufficient. Paragraph 6 of the Complaint alleges that a Manele Jayme stated that Hyatt "does not hire 'Chamorro people' because they are lazy. She further stated that the hotel does not hire handicap [sic] people because they are not contributing members to society." Complaint at ¶ 7. Again, Hyatt firmly and expressly denies any and all such allegations. However, if even if such an outrageous course of conduct were to be factually substantiated, it does not suffice to state an actionable claim of employment or disability discrimination. This is so for the following reasons.

First, it is well settled that an employee fails to state a claim for discrimination if he or she fails to allege that he or she had sought any specific position and had been rejected for it. *See* Brown v. The Coach Stores, 163 F.3d 706 (2nd Cir. 1998). The problem the instant Plaintiff faces is that he has not alleged and cannot prove that he actually applied for any particular position and was rejected. His Complaint only discusses opinions allegedly voiced by one member of the Hyatt staff in response to a hypothetical inquiry. Plaintiff has not alleged that he actually applied for any particular position. Nor has Plaintiff alleged that he was turned down for any particular position. The mere inference that Plaintiff **might have been** turned down for the position had he applied for it does not amount to actionable employment discrimination under applicable law.

Moreover, even if the Plaintiff had alleged that he applied for a specific position and was not employed for that position, that does not fulfill the Plaintiff's pleading obligations. The Plaintiff is further obligated to allege that under applicable law he was

5

qualified for the employment which he sought. *See* Chaudhry v. Mobil Oil Corp., 186 F.3d 502 (4th Cir. 1990). In the Chaudhry case, the Fourth Circuit observed that "to be eligible for Title VII protection, a plaintiff must show that he was qualified for employment." 186 F.3d at 504; *citing* Egbuna v. Time-Life Libraries, Inc., 153 F.3d 184, 187 (4th Cir. 1998). To prove that a defendant has discriminated in its employment decisions affecting him, a plaintiff is first required to prove a *prima facie* case. "A *prima facie* case is established when a plaintiff shows that: (1) he or she is a member of a statutorily protected class; (2) he or she is qualified for the position applied for; (3) the employer denied plaintiff the job sought; and (4) after such denial the employer continued to seek applicants for the position with qualifications similar to plaintiff's." Gibson v. American Broadcasting Companies, Inc., 892 F.2d 1128, 1131 (2nd Cir. 1989), *citing* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

        As a matter of pleading, Plaintiff herein has failed to allege any of the requisite allegations except that he is a member of statutorily protected class. Plaintiff's failure to even plead up to the remaining elements dooms his case to dismissal. In fact, in the instant case, all the Plaintiff has really succeeded in doing is setting forth a (factually erroneous) allegation that a particular individual working for the Hyatt made outrageous statements. Plaintiff has not even alleged that he actually applied for any particular position, was turned down for employment for such position, was qualified for any such position, or that after such denial the employer continued to seek applicants for the position with qualifications similar to plaintiff's.

6

Of course, Hyatt recognizes that *pro se* plaintiffs such as the Plaintiff in this case are entitled to be given a certain benefit of the doubt with respect to pleading formalities. However, the instant Complaint simply fails to set forth numerous of the critical elements of any actionable claim under federal law. Accordingly, the Complaint is due to be dismissed.

## CONCLUSION

Plaintiff has sued the wrong parties and, more importantly, has failed to set forth any actionable cause of action against anyone. Defendants' motion to dismiss the Complaint should be granted.

Respectfully submitted this 25th day of March, 2006.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendants

By _____
RANDALL TODD THOMPSON

P063030.RTT.wpd

7